IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KRON-CIS GmbH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-1473-SAC |
| | ) |
| LS INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 117). Plaintiff Kron-CIS GmbH seeks to amend its complaint to add a claim for negligent misrepresentation. Kron, however, filed this case more than a year ago, was already allowed to amend its complaint once, and is now seeking to amend nine months after the scheduling order's deadline for amendments to the pleadings. The court denies Kron's motion because Kron has not shown good cause for an extension of the scheduling order deadline and because Defendant LS Industries has shown that Kron has unduly delayed in seeking to amend and has failed to cure the deficiency through a previously allowed amendment.[1]

---

[1] The court recognizes that it has previously issued a report and recommendation to the district judge when recommending that a motion to amend be denied in part on the basis of futility. *See, e.g., Mackley v.TW Telecom Holdings*, 296 F.R.D. 655 (D. Kan. 2014). Here, however, the court denies the motion based on Kron's failure to show good cause for an extension of the scheduling order deadline and because Kron has unduly delayed and has failed to cure the deficiency through a previously allowed amendment. "[F]or purposes of the standard of review, a magistrate judge's denial of a motion to amend for reasons other than futility is a nondispositive order." *Sprint Commc'ns Co. v. Cable One*, No. 11-265-JWL, 2014 WL 588068, at *3 (D. Kan. Feb. 14, 2014) (citing *Navegante Grp., Inc. v. Butler Nat'l Serv. Corp.*, No. 09-2554-JWL, 09-2466-JWL, 2011 WL 1769088, at *3 (D. Kan. May 9, 2011)). In an unreported opinion, the Tenth Circuit has also noted that a magistrate judge's denial of a motion to amend was "a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)." *Franke v. ARUP Labs., Inc.*, 390 Fed. App'x 822, 828 (10th Cir. 2010). For these reasons, the magistrate judge denies the motion rather than issuing a report and recommendation to the district judge.

When the deadline for amending the pleadings has passed, Fed. R. Civ. P. 16(b)(4) is potentially implicated.[2] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[3] Judges in this district have consistently applied the two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend filed after the deadline established in the scheduling order.[4] Here, the scheduling order imposed a deadline of May 20, 2013, for motions to amend the pleadings.[5] Because Kron did not file its motion until February 28, 2014, the court will follow the two-step analysis in determining whether to grant leave to amend.

## I. Rule 16(b)(4)

The court first determines whether the movant has shown good cause within the meaning of Rule 16(b)(4) to justify allowing the untimely motion. The good-cause standard under Rule 16(b)(4) considers the diligence of the party seeking to amend.[6] To establish good cause, the moving party must show that despite due diligence, it could not have reasonably met the deadline for amendments to the pleadings.[7] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[8] Similarly, lack of prejudice to the nonmovant does

---

[2] *See United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (noting that the Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders.").

[3] Similarly, the scheduling order in this case also provides that it "shall not be modified except by leave of the court upon a showing of good cause." Scheduling Order at 10, ECF No. 11.

[4] *See, e.g., Livingston v. Soxexo, Inc. & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *1 (D. Kan. June 6, 2012) (citing cases).

[5] *See* Scheduling Order at 8, ECF No. 11.

[6] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[7] *Carefusion 213 LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 22, 2010).

not constitute good cause.[9] The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.[10]

Although Kron's motion and supporting briefs acknowledge that the scheduling order deadline has passed for motions to amend the pleadings, Kron does not expressly mention Rule 16(b)(4)'s good cause standard or attempt to make a showing satisfying this standard. Kron's failure to satisfy Rule 16(b)(4)'s requirement, is sufficient grounds to deny its motion to amend.[11]

Kron, however, does make arguments regarding the timeliness of its motion. Even considering these statements, the court still finds that the circumstances set forth by Kron do not demonstrate good cause. Kron's proposed second amended complaint alleges that LS Industries made multiple misrepresentations, including LS Industries' alleged statement that there was no need for an insurance claim to be filed upon LS Industries' insurance carrier for damage that occurred to the shot blaster system during shipping. Kron states that it did not learn until a January 6, 2014 deposition that LS Industries was taking that position that Kron needed to file an insurance claim. Even assuming this is accurate, Kron fails to explain why it waited from January 6, to February 28, 2014, to seek to amend its pleadings to include this factual allegation in support of its proposed negligent misrepresentation claim. Moreover, it seems that LS Industries' position regarding insurance was capable of being discovered far earlier.

---

[8] *Deghand*, 904 F. Supp. at 1221.

[9] *Id.*

[10] *Id.*

[11] *Five Rivers Cattle Feeding, LLC v. KLA Envtl. Servs., Inc.*, No. 08-2185-EFM, 2010 WL 2609426, at *3 (D. Kan. June 25, 2010).

As for the other facts giving rise to the proposed claim, Kron notes that "[t]he allegations pled in the negligent misrepresentation claim are already pled in the intentional misrepresentation claim filed in the original complaint."[12] Kron goes on to characterize the proposed negligent misrepresentation claim as "a further delineation of the intentional misrepresentation claim already pled and part of the court file."[13] The crux of the negligent misrepresentation claim, obviously, concerns alleged misrepresentations made to Kron. It is difficult to see how Kron would have lacked this information at the time it filed its original pleading. In fact, despite its arguments about ongoing discovery, Kron admits that it omitted the negligent misrepresentation claim from its prior pleadings "due to inadvertence of counsel[.]"[14] This court has previously held that a plaintiff does not meet the good-cause standard for a belated amendment when it has in its possession "evidence that should have led it to the information that the proposed claim is based on."[15] Kron has not shown good cause under Rule 16(b)(4).

## II. Rule 15(a)

Kron's motion would also fail under Fed. R. Civ. P. 15's standard for amendments to the pleadings. When leave of the court is required under Rule 15(a), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[16] Leave should freely be given when justice requires.[17]

---

[12] Pl.'s Reply to Def.'s Mem in Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl. at 4, ECF No. 130.

[13] *Id.* at 5.

[14] Pl.'s Mot. for Leave to File Second Am. Compl. at 3, ECF No. 117.

[15] *Five Rivers*, 2010 WL 2609426, at *2.

[16] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

LS Industries argues that Kron unduly delayed in seeking to amend and that Kron also failed to cure the deficiency with its complaint through an amended pleading previously allowed. Rule 15(a)'s undue delay analysis is similar to the good cause analysis discussed above.[18] When considering whether a party has unduly delayed, the Tenth Circuit has directed that courts should focus primarily on the reasons for the delay.[19] For example, if the movant was or should have been aware for some time of the facts on which the amendment is based, the court may properly deny leave to amend.[20] Moreover, the longer the delay, the more likely the court will deny the motion to amend.[21] Undue delay alone is a sufficient reason to deny leave to amend.[22]

The present circumstances illustrate that Kron unduly delayed and also failed to cure the deficiency by an amendment previously allowed. As discussed above, Kron states the negligent misrepresentation claim was omitted largely due to inadvertence of counsel and has admitted that many of the factual allegations giving rise to the proposed negligent misrepresentation claim were already pled in support of its fraud claim. Kron has offered no reasonable explanation as to why it failed to include this claim in its original complaint, filed more than a year ago on December 26, 2012.[23] It also seems that Kron should have been able to include this claim in its

---

[17] Fed. R. Civ. P. 15(a)(2).

[18] *Five Rivers*, 2010 WL 2609426, at *3.

[19] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[20] *See id.*; *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) ("Furthermore, where a party seeking amendment knows or should have known the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (internal quotations omitted).

[21] *Minter*, 451 F.3d. at 1205.

[22] *Frank*, 3 F.3d at 1365-66 ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay[.]").

[23] *See* Compl., ECF No. 1.

amended complaint, filed on November 19, 2013.[24] Kron's failure to cure this deficiency in its previously allowed amended complaint also weighs in favor of denying Kron's motion. Discovery has now closed, and the court is scheduled to hold a final pretrial conference on April 11, 2014.[25] For all these reasons, the court finds Kron unduly delayed in seeking to amend and has also failed to cure the deficiency in the previously allowed amendment to the complaint.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 117) is denied.

**IT IS SO ORDERED.**

Dated this 28th day of March, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[24] *See* First Am. Compl., ECF No. 80.

[25] The court notes that Kron has filed a motion to extend the discovery deadline. That motion is not yet fully briefed.